[Crim. No. 720. Second Appellate District, Division Two.—July 22, 1920.]

THE PEOPLE, Respondent, v. JUAN TORRES, Appellant.

[1] CRIMINAL LAW—CHILD-STEALING—INTENT—CONFLICTING EVIDENCE —VERDICT—APPEAL.—In a prosecution for the crime of child-stealing, under section 278 of the Penal Code, where there is direct conflict as to the intent of the defendant as to both the taking and detaining of the minor, the verdict of the jury cannot be disturbed on appeal.

[2] ID.—CONSENT OF CHILD—WHEN IMMATERIAL.—In such prosecution, the jury having found, upon a conflict of evidence, the presence of an intent by defendant as to both the taking and detaining of the minor, the question whether she accompanied the defendant of her own volition is immaterial.

[3] ID.—ENTICING AWAY MINOR—DOMINATION OVER WILL UNNECESSARY.—Under section 278 of the Penal Code, one who maliciously or fraudulently "entices" away a minor child is guilty of child-stealing, and the minor may be "enticed" away without any domination over his·or her will.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Affirmed.

The facts are stated in the opinion of the court.

Chas. D. Swanner for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and Thomas A. Wood for Respondent.

THOMAS, J.—Defendant was informed against and, after trial, convicted by a jury of his peers of the crime of child-stealing, under section 278 of the Penal Code—the child being a female of the age of thirteen years—and sentenced to imprisonment in the state prison. A brief statement of the facts follows:

The child lived with her parents near Garden Grove, in Orange County, on and for some time prior to February 8, 1920, at which time, it is claimed, "she went away with the defendant." From the record it appears that at about 10 o'clock at night defendant and the minor went to a "little

house," remaining there until about 3 o'clock in the morning, thence going to a "big house," where they went to bed. The next day defendant was arrested. The girl remained at the "big house" until about 2:30 o'clock of the afternoon of the day of defendant's arrest. The mother and stepfather of the child testified that neither had given consent to their girl's going with the defendant. There was conflict in the evidence as to the material allegations of the information, which the jury settled in favor of the people.

As we gather from the record, three points are urged by appellant here for reversal: (1) That the girl consented to go with appellant, and, hence, the latter could not be guilty of the offense charged; (2) that the court erred in refusing to grant defendant's request for certain instructions, his number 5 and 7; and (3) that the evidence is insufficient to sustain the verdict, particularly in this, that there is no evidence that defendant intended to or did conceal the said child.

[1] As to the first point, it will be sufficient to point out that the testimony of the minor shows that on the night of February 8, 1920, defendant came to her home and asked her to go away with him; that he wanted to marry her; that she informed him that she could not go until her father consented; that he took hold of her by the wrist and she then accompanied him; that they went to a "little house" and then to a "big house," as already set forth; that when she got up the next morning she wanted to go home, but could not because defendant told her she could not go; and that she tried to go but could not, for the reason that the lady of the house was following her around. Defendant—appellant here—testified that prior to the date in question—February 8, 1920—the child's parents had given their consent to his marrying the minor, but had subsequently revoked such consent; that he did not take the girl by force; that he asked her if she was willing to go with him, and that she answered in the affirmative; and that he did not tell her she could not go home. The "lady of the house," referred to in the child's testimony, denied that she followed the child around, and testified that, on the contrary, the child was at liberty to go and come as she pleased while there. The jury, as we have said, settled this conflict in the evidence in favor of the prosecution.

Appellant complains of the action of the learned trial judge in sustaining objections of the district attorney "relative to the acts and conduct of said minor, holding that she being a minor could not consent to leaving home." As supporting this, our attention is called to the case of *People* v. *Black,* 147 Cal. 426, [81 Pac. 1099]; but we do not think that case in point. In the case cited there was no conflict in the evidence; there was no showing that defendant had any intent to conceal. *and* detain the minor. In the case at bar there is direct conflict as to both the taking and detaining; the evidence of each being present, as already pointed out, and the jury having decided the conflict in such evidence in favor of the people, we are without authority to disturb that verdict on appeal. **[2]** In the Black case the court said that this "is true when the evidence, even though meagre, is yet sufficient, if believed by the jury, to support their finding, and is always true when sufficient but conflicting evidence is presented upon the subject." It was the absolute absence of conflict in the evidence in that case as to defendant's intent to detain that caused the court to disturb the verdict. Such condition, as we have seen, is not present here. The question, therefore, whether the girl accompanied the defendant of her own volition is, in our opinion, immaterial; nor is it a defense in a case like this. (1 Cyc. 146; 8 R. C. L. 297; *State* v. *Brandenberg,* 232 Mo. 531, [32 L. R. A. (N. S.) 845, 134 S. W. 529]; *People* v. *Cook,* 61 Cal. 478; *Queen* v. *Biswell,* 2 Cox C. C. 279; *Gould* v. *State,* 71 Neb. 651, [99 N. W. 541].) So far as we have been able to discover, the question of the consent of a minor, under the section which is the basis of the information here, has not been passed upon by any of the appellate courts of this state. Still, we believe the conclusion here reached is, as we have seen, supported by both principle and the weight of authority of the courts of other jurisdictions.

The court refused to grant defendant's request to give the following instructions: "5. Nor does the circumstance that she was a minor preclude you, gentlemen of the jury, from taking into consideration her conduct and actions for the purpose of ascertaining whether as a fact her will was dominated by that of defendant, and her freedom of action controlled and restrained entirely by his wishes, or whether her going to and remaining at the house of Mrs. Calderon over-

night, as she did, was not a matter of her own volition, induced by the suggestion of defendant." "7. The court instructs you that if you find from the evidence that the minor child involved in this case went to the home of Mrs. Calderon and remained there overnight of her own volition, and that her will was not dominated by that of defendant, and her freedom of action controlled and restrained entirely by his wishes, then your verdict must be for the defendant."

[3] Under the statute, one who maliciously or fraudulently "entices" away a minor child is guilty of child-stealing. To entice is to instigate, by exciting hope or desire; to lead astray. The minor may be "enticed" away without any domination over his or her will. The desire to do something promised by the abductor may alone suffice to lead astray the most self-willed girl or boy. The rulings under consideration were correct.

In view of what we have said upon the first two points urged, discussion of the third point becomes unnecessary.

Judgment affirmed.

Finlayson, P. J., and Weller, J., concurred.