[Crim. No. 967.   Third Appellate District.—June 15, 1927.]

THE PEOPLE, Respondent, v. LUIS MUNOS et al., Appellants.

Raymond T. Coughlin and A. L. Pierovich for Appellants.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendants were convicted of the crime of taking and enticing away a girl of fifteen years of age with intent to detain and conceal the child from her father, who had the lawful charge of the child. This appeal is from the judgment and the order denying a new trial.

The girl testified that on August 29, 1926, the defendants took her and a Chinese girl out riding in Navarro's automobile; that on that day Navarro asked her to go with the defendants and the Chinese girl to Los Angeles and "that they might go to Calexico"; that on the next day

the defendants "begged me and coaxed me to go so I went"; that they left Sutter Creek about 10:30 A. M. and traveled in a roundabout way in order to avoid the officers, who were watching the main roads; that they reached Placerville about 6:30 P. M. of that day, where Munos and the Chinese girl "went to the courthouse to get married, but it was already closed, so she couldn't"; that they then drove to Sacramento and thence to Stockton and from there to an automobile camp near Fresno, arriving at the camp about daylight, August 31st; that they there slept in the automobile until about 5 P. M., when they drove to Bakersfield and thence to an automobile camp near San Fernando, arriving there in the night-time; that they left this camp the following evening and drove all night and all the next day, reaching El Centro about 9 P. M.; that they stayed in a hotel there that night, Navarro and the girl occupying the same bed; that they drove to Calexico the next day, at which place they remained for several days, Navarro and the girl occupying a room together; and that the sheriff of Amador County took them all back to that county about the middle of September. The Chinese girl, who was seventeen years of age, told a similar story and testified that she and Munos did not succeed in getting married but that they slept together on the trip.

Navarro testified that he did not ask the prosecuting witness to go away with him; that it was his intention merely to take Munos and the Chinese girl "to Placerville to get married, and coming back here"; that, while he was in El Centro and Calexico with the girls and Munos, he did not, "at any time during the course of that trip, sleep with" the prosecuting witness. Munos gave similar testimony.

Appellants contend that the evidence does not show that they formed the intent to detain and conceal the prosecuting witness while they were in Amador County. The contention is wholly without merit. "The intent or intention is manifested by the circumstances connected with the offense, and the sound mind and discretion of the accused." (Pen. Code, sec. 21.) The request that the girl accompany the defendants to Los Angeles and Calexico, made the day before the departure, is strong evidence that the intent to commit the crime was formed before leaving

Amador County. ■ Besides, the acts and conduct of the defendants subsequent to their departure from that county are amply sufficient to show what their intention was in the beginning. The crime was complete the moment the defendants enticed and took the child away with intent to detain and conceal her from her father, and their subsequent acts are important only as tending to establish such intent. It is wholly immaterial whether the defendants intended the place of detention and concealment to be in Amador County or elsewhere. ■ The fact that the girl accompanied the defendants voluntarily is immaterial. (*People* v. *Torres*, 48 Cal. App. 606 [192 Pac. 175].)

■ The court refused to give certain instructions requested by the defendants to the effect that if the jurors entertained a reasonable doubt as to whether the defendants intended "to both conceal and detain" the child they must return a verdict of not guilty. Under the decision in *People* v. *Black*, 147 Cal. 426 [81 Pac. 1099], the instruction should have been given. The court instructed the jury that the defendants were charged with taking and enticing away the child "with intent to detain and conceal such child" from her father; that "child stealing is defined as follows: Every person who maliciously, forcibly, or fraudulently takes or entices away any minor child with intent to detain and conceal such child from its parent, guardian or other person having the lawful charge of such child is punishable by imprisonment in the state prison"; that "if, after the entire comparison and consideration of all the evidence in the case, you are satisfied beyond and to the exclusion of a reasonable doubt that at the time and place mentioned in the information the defendants did commit the crime of child stealing, then your verdict should be guilty as charged in the information; but if, after such due and careful consideration of all the evidence in the case, you are not satisfied in every particular, you cannot convict them of the charge alleged in the information." By these instructions the jurors were told that to justify a verdict of guilty they must find that the defendants took the child with intent "to detain and conceal" her. While it may be said that the court should have given the proposed instructions in the interest of certainty, it is highly improbable that any juror was misled by the omission to

give them. In any view of the case the evidence of the defendants' guilt is so conclusive that it cannot be said that the refusal to give the instructions has resulted in a miscarriage of justice. The defendants did "detain and conceal" the child and it would require great credulity to believe that they did not intend to do so from the beginning.

The judgment and order are affirmed.

Thompson, J., *pro tem.*, and Plummer, J., concurred.