Filed 3/3/25  P. v. Freehart CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C098507 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CF04283) |
| v. | |
| MICHAEL GEORGE FREEHART, | |
| Defendant and Appellant. | |

Defendant Michael George Freehart pleaded no contest to two counts of taking a child with the intent to detain or conceal that child from a lawful custodian (Pen. Code, § 278) after he arranged for his two children to leave their foster home with him in the middle of the night.  (Statutory section citations that follow are to the Penal Code.)  The trial court suspended imposition of sentence and initially imposed a two-year term of probation.  The prosecution objected, arguing section 1203.097 mandated a probationary term of at least three years because "the victims alleged in these counts are his children."

1

The trial court agreed that section 1203.097 applied and changed the term of probation to three years.

On appeal, defendant contends section 1203.097 does not apply to his violations of section 278 because the lawful custodian of his children, not the children, was the victim of the offenses. In response, the People argue that defendant forfeited this issue and section 1203.097 applies based on allegations dismissed as part of the negotiated plea agreement. We conclude the victim of a violation of section 278 is the lawful custodian, not the children, so section 1203.097 does not apply to the grant of probation in this case. Accordingly, we will modify the judgment to reduce defendant's probation term to two years.

FACTS AND HISTORY OF THE PROCEEDINGS

Police arrested defendant for dissuading his son and daughter from speaking with an investigator from the Butte County District Attorney's Office. The children were later placed in a foster home, and the parties agree that the Butte County Children's Services Division had custody of the children at the time of the events that follow.

Shortly after the children were placed in a foster home, defendant sent them a text around midnight telling them to get their belongings and go outside. The children "were excited because who wants to be in a foster home?" Defendant picked the children up outside and took them first to his girlfriend's house then to a farm where he resided. When defendant heard law enforcement was looking for him, he took the children to his mother's house and turned himself in at the police station.

The People charged defendant with two counts of dissuading a witness, in violation of section 136.1, subdivision (b)(1) and two counts of taking a child with the intent to detain or conceal that child from a lawful custodian, in violation of section 278. Pursuant to a negotiated plea agreement, defendant pleaded no contest to the two counts of taking a child from the lawful custodian. In return, the People moved to dismiss the

2

other charges, and the court granted the request.  As part of the agreement, defendant stipulated that "the sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence."  (See *People v. Harvey* (1979) 25 Cal.3d 755, 758-759.)

At the sentencing hearing, the trial court spoke of its intent to follow the probation officer's recommendation by suspending imposition of sentence and granting probation. The People did not initially object.  The court suspended imposition of sentence and imposed a two-year term of formal probation.  The People then objected, contending section 1203.097 mandated a probation term of at least three years because "the victims alleged in these counts are his children."  Defense counsel argued that section 1203.097 would only apply if the children's mother had been the victim and would not apply to the children.  The trial court decided that section 1203.097 applied and changed the term of probation to three years.

Defendant filed a timely notice appealing from the order granting probation.

DISCUSSION

Defendant contends section 1203.097 does not apply to his violations of section 278 because the lawful custodian of his children, not the children, was the victim of the offenses.  The People respond that:  (1) defendant forfeited this issue and (2) section 1203.097 applies based on allegations dismissed as part of the negotiated plea agreement. We agree with defendant.

I

*Forfeiture*

As an initial matter, the People misunderstand the forfeiture rule in suggesting defendant has forfeited this contention.  The issue here, whether a child or the child's custodian is the victim of a violation of section 278, is not the type of issue to which the

3

forfeiture rule applies. Rather, this is " 'a pure question of law which is presented by undisputed facts.' " (*People v. Hines* (1997) 15 Cal.4th 997, 1061; § 1259 ["Upon an appeal taken by the defendant, the appellate court may, without exception having been taken in the trial court, review any question of law involved in any ruling, order, instruction . . . and which affected the substantial rights of the defendant"].) Likewise, imposing a three-year term of probation when section 1203.097 does not apply would "violate[ a] mandatory provision[] governing the length of [probation]," specifically section 1203.1, subdivision (a) which limits terms of probation to a maximum of two years. (*People v. Scott* (1994) 9 Cal.4th 331, 354, fn. omitted.) The considerations motivating the forfeiture rule, "encourag[ing] development of the record and a proper exercise of discretion in the trial court," are absent here. (*Id.* at p. 355.) We conclude this issue could not be forfeited and is properly before us on appeal.

II

*Application of Section 1203.097 to a Violation of Section 278*

Next, we must determine whether the trial court correctly imposed a mandatory three-year probation term pursuant to section 1203.097 or whether the probationary term was limited to a maximum of two years pursuant to section 1203.1, subdivision (a). As relevant here, section 1203.097 provides: "If a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code, the terms of probation shall include . . . [¶] [a] minimum period of probation of 36 months." (§ 1203.097, subd. (a).) This means section 1203.097 applies only if the victim of the crime fits within one of the classes of persons defined by Family Code section 6211. Defendant's children are among the "persons," defined in Family Code section 6211, (Fam. Code, § 6211, subd. (e)), but we must determine whether the children were the victims of his offenses such that section 1203.097 applies.

4

The interpretation of sections 1203.097 and 278 are questions of law we review independently without deference to the trial court's determination. (*People v. Braden* (2023) 14 Cal.5th 791, 804.) "Our role in construing a statute is to ascertain the intent of the Legislature in order to effectuate the purpose of the law. [Citation.] Because the statutory language is generally the most reliable indicator of that intent, we look first at the words themselves, giving them their usual and ordinary meaning and construing them in context. [Citation.] If the plain language of the statute is clear and unambiguous, our inquiry ends, and we need not embark on judicial construction. [Citations.] If the statutory language contains no ambiguity, the Legislature is presumed to have meant what it said, and the plain meaning of the statute governs." (*People v. Johnson* (2002) 28 Cal.4th 240, 244.)

First, we conclude that the opening clause of section 1203.097 means what it says: "If a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code." Thus, the application of section 1203.097 turns only on who is the victim of the crime being adjudicated and leaves no room for consideration of dismissed counts or other conduct. Accordingly, we reject the People's contention that we should consider conduct underlying the dismissed counts or other uncharged conduct.

Second, we must conclude, as our Supreme Court has, that children are not the victims of taking a child from the lawful custodian in violation of section 278. Taking a child from the lawful custodian " 'has always been considered in California to be a crime against the parent, not the child. It is designed to protect parents against the anxiety and grief which necessarily follow from the taking of their children.' " (*In re Michele D.* (2002) 29 Cal.4th 600, 614; accord, *Wilborn v. Superior Court of Humboldt County* (1959) 51 Cal.2d 828, 830-831 ["The crime is 'against the parent and not against the child.' . . . The statute was apparently designed to protect parents against the worry and grief which necessarily follow the 'decoying away and retaining of their children' "]; *People v. Simmons* (1936) 12 Cal.App.2d 329, 332 ["The offense so defined [by section

5

278] is against the parent and not against the child"].) Thus, it has long been true that "it is immaterial whether the [child] accompanied [the defendant] voluntarily or not" because "[t]he offense involved in such a charge is the offense against the parent and not that against the child." (*People v. Gillispie* (1930) 104 Cal.App. 765, 767; accord, *People v. Munos* (1927) 84 Cal.App. 6, 9.) Similarly, the fact that the custodian of the child is the victim of a violation of section 278 also explains why a person can be convicted of both kidnapping, in violation of section 207, and taking a child, in violation of section 278. (*In re Michele D.*, at p. 614.)

Applying this precedent, defendant's two offenses were crimes against the lawful custodian of his children, the Butte County Children's Services Division, not against his children. The Butte County Children's Services Division is not "a person defined in Section 6211 of the Family Code," so section 1203.097 does not apply. Because section 1203.097 does not apply, the trial court imposed an unauthorized term of probation in violation of section 1203.1, subdivision (a).

None of the cases the People cite help their position. None of the cases involve taking a child, and in each case the victim of the crime for which the trial court granted probation was indisputably a person described in Family Code section 6211. (*People v. Forester* (2022) 78 Cal.App.5th 447, 458 [defendant did "not dispute that he was convicted of stalking a victim of domestic violence . . . within the meaning of section 1203.097"]; *People v. Cates* (2009) 170 Cal.App.4th 545, 551 [defendant's "former girlfriend was the victim of his violent assault and it was proper to impose the probation conditions of section 1203.097"]; *People v. Selga* (2008) 162 Cal.App.4th 113, 119 [victim "qualified for protection under section 1203.097, as both a former girlfriend of defendant's and the mother of his child"]; *People v. Brown* (2001) 96 Cal.App.4th Supp. 1, 40 [defendant's "wife was a victim of the vandalism"]; see also *Selga*, at pp. 119-121 [concluding that section 1203.097 did not authorize a protective order because the former

girlfriend's new boyfriend was not a person listed in Family Code section 6211, without deciding whether boyfriend was a victim of the stalking offense].)

Finally, the People contend section 13700 should alter our interpretation of the word "victim" in section 1203.097. By its own terms, the definitions in section 13700 only apply to that title, comprising sections 13700-13732. (§ 13700.) Similarly, the People cite to provisions in the Family Code that apply only to that division of the code. (Fam. Code, §§ 6203, subd. (a) [defining abuse "[f]or purposes of this act"], 6201 [defining the "Act" as Division 10 of the Family Code], 6320 [authorizing issuance of ex parte orders in Family Code proceedings].) But section 1203.097 applies in criminal sentencing proceedings, not Family Code proceedings, and imports only the definitions of "persons" from Family Code section 6211. Accordingly, these other statutes have no effect on our interpretation of sections 1203.097 and 278.

### III

### *Remedy*

Defendant asks us to direct the trial court to reduce the term of his probation to two years, but we need not remand the case. Because the trial court in this case already indicated its intent to impose the maximum two-year term of probation before the issue of section 1203.097 arose, we will modify the judgment to reduce the term of probation from three years to two. (See § 1260; *In re Sheena K.* (2007) 40 Cal.4th 875, 892 [affirming appellate court's modification of conditions of probation].)

DISPOSITION

The probation order is modified to impose probation for a period of two years.  As modified, the judgment is affirmed.

_____
HULL, Acting P. J.

We concur:

_____
RENNER, J.

_____
KRAUSE, J.

8