[Crim. No. 3043.   Second Appellate District, Division Two.—January 19, 1938.]

THE PEOPLE, Respondent, v. EDGAR F. C. MACK, Appellant.

Theodore Robinson for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

WOOD, J.—Defendant was convicted of the crime of violation of section 288a of the Penal Code.  He appeals from

the judgment and from the order denying his motion for a new trial.

The crime was committed upon the body of a girl of the age of eight years. A statement of the details of the crime would be inappropriate. The child related the acts of the defendant in definite and clear language. Her testimony and the proof of certain circumstances shown in evidence are amply sufficient to sustain the conviction.

Defendant complains of a number of instructions given to the jury by the trial court. For the most part these instructions are those commonly given in criminal cases and have been approved many times by the reviewing courts. ■ Defendant complains in particular of an instruction concerning the law of accomplices. The court gave a lengthy instruction on this subject in which the jury was informed of the difference between consent and submission on the part of the victim and in which the jury was told that it was their duty to determine whether or not the complaining witness was capable of understanding the nature and quality of the act and of making a decision consenting to the act. Defendant was not prejudiced by the giving of the instruction in question. Section 26 of the Penal Code provides that children under the age of fourteen are incapable of committing crimes ''in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness''. An examination of the record discloses that there was no proof of knowledge on the part of the child of the wrongfulness of the act to which she submitted. It cannot be held that she was an accomplice. Such was the ruling in *People* v. *Becker*, 140 Cal. App. 162 [35 Pac. (2d) 196], a case in which the child was eleven years of age.

■ Defendant also complains of certain rulings of the trial court given upon cross-examination of defendant. In his direct examination defendant stated that the child had come to the shop where he worked and remained there about five minutes, during which time he carried on a conversation with her. On cross-examination he was asked the question, ''Did you ask Jean if her folks were looking for her?'' and answered, ''No.'' He was then asked the question, ''Isn't it a fact that on that same afternoon you were taken to the police station, you talked to Manchester and Taylor in the Detective Bureau at the police station and told them that

you asked Jean if her folks were looking for her," and answered, "I don't remember that." In view of the nature of the charge and of the circumstances under which it was alleged to have been committed it was proper for the prosecutor to ask on cross-examination if defendant had not asked the child if her folks were looking for her. In view of his negative answer it was proper for the prosecutor to ask if he had not so informed the officers who had arrested him. The cross-examination bore upon a subject concerning which defendant had testified upon his direct examination. An examination of the record discloses that other rulings of the trial court upon the admission of testimony, of which complaint is made, were not prejudicial to the rights of defendant.

The judgment and order are affirmed.

Crail, P. J., and McComb, J., concurred.