[Crim. No. 471.   Fourth Dist.   Mar. 24, 1942.]

THE PEOPLE, Respondent, v. JAMES O. PALMER,
Appellant.

Frank M. Downer for Appellant.

Earl Warren, Attorney General, and Gilbert F. Nelson,
Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with attempted child stealing in violation of section 278 of the Penal Code, and with two prior felony convictions. He admitted the prior convictions and a jury found him guilty on the charge here involved. He has appealed from the judgment and from an order denying his motion for a new trial.

The incident in question occurred on a little used road which runs into the hills back of Chula Vista. According to the evidence this road "is just a trail," has never been graded, is very rough, and is so narrow that there is no room for two cars to pass. There were two or three houses on the

road near where it leaves Chula Vista and the purpose of the road was to serve two or three houses several miles up in the hills. On this occasion a girl 17 years of age was walking along this road toward Chula Vista on her way to school and carrying some books and a purse. As she neared Chula Vista the appellant came up the road toward her driving an old model green Chevrolet sedan. The girl stepped out of a rut to permit the car to pass but the appellant stopped his car, jumped out and grabbed her, ordered her to get in his car, and struggled with her in an attempt to force her into the car. The girl dropped her school books and purse and after a struggle succeeded in getting away. She ran several hundred feet to a house in the direction of Chula Vista, arriving in an hysterical condition, and a woman there telephoned to the Chula Vista police department.

The chief of police with another officer responded to the call and arrived at this house within a few minutes. The officers were given a description of the car and of the appellant and immediately started up the road in the direction the appellant had gone. About 500 feet up the road they found the girl's school books and purse lying in the center of a circle of footprints about five feet in diameter, which they described as looking as though someone had been going around in a circle. As they proceeded up the road they saw a green Chevrolet sedan coming down out of the hills at a high rate of speed for that kind of a road. Being unable to get by the officers' car the appellant stopped and immediately said, before any accusation had been made against him: "What the Hell is the matter? This is a public road here. I have got a right to drive on this road." The officers then placed him under arrest and without asking the reason for his arrest the appellant said: "You can't pin anything on me, I wasn't out of the car." The appellant then told the officers that he had driven into the hills to look for rabbits, although he had no gun with him. At the trial he testified that he had gone into the hills to look at a piece of real estate and that he had told the officers that he had gone to look for rabbits "for the purpose of throwing them off of any idea of how I may have arrived at that point on the road."

Immediately after arresting him the officers took the appellant to the house to which the girl had gone, where she positively identified him as the man who had tried to force her into the car. There was evidence to the effect that this

road just ran two or three miles into the hills, that it did not connect with any other road, and that it was not possible to get from it to any other road without unlocking gates and going through the fields. This evidence justifies the inference that it was necessary for the appellant, having gone up this road, to come back the same way. In an attempt to establish an alibi the appellant introduced evidence that approximately half an hour before this incident occurred he had personally applied for a job at a certain place in National City. He testified that he then went out another road leading into these hills and after going up some miles took a crossroad over to the road down which he was coming when he was arrested. Not only does this entire matter present merely a conflict in the evidence but the appellant's brother, who testified that there was another road, which was rough and more or less of a trail but still passable, by which it was possible to go "miles around" and get into the road down which the appellant was coming when he was arrested, when asked on cross-examination how appellant could have gotten around over that road within an hour, replied: "I don't know."

The sole ground relied upon for reversal is that the evidence is insufficient to support the judgment. No evidence is specifically referred to and the only contention is that no intent to detain and conceal this minor is disclosed by the evidence. In *People* v. *Simmons,* 12 Cal. App. (2d) 329 [55 Pac. (2d) 297], the court said:

"The statute does not include 'concealment' nor 'detention.' It does contain an element 'with intent to detain and conceal.' As proof of that element the courts will consider the acts and conduct of the parties, together with all the circumstances of the case both before and after the act complained of."

As is usual in such cases, the intent must be determined from the surrounding circumstances. The fact that the appellant was driving along this lonely road toward open country up in the hills, with the facts surrounding his attempt to force the girl into his car, justifies an inference that he intended to force her to accompany him into the hills and thereby intended to detain and conceal her from her parents or guardians within the meaning of Penal Code section 278. The fact that the girl was able to escape has no bearing upon the inference of an intent to detain and conceal which may reasonably be drawn from the evidence. (*People* v. *Kocalis,*

140 Cal. App. 566 [35 Pac. (2d) 584].) There is no question that the appellant is the party who attacked this girl and the evidence with the reasonable inferences therefrom is sufficient to sustain the conviction under the statute.

The judgment and order are affirmed.

Marks, J., and Griffin, J., concurred.