[Crim. No. 1881.   Third Dist., Feb. 1, 1945.]

THE PEOPLE, Respondent, v. GEORGE E. MOORE (true
name John Shead), Appellant.

John Shead (alias George E. Moore), in pro. per., for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener, Arthur A. Ohnimus and James O. Reavis, Deputies Attorney General, for Respondent.

ADAMS, P. J.—In an information filed in the Superior Court of Sacramento County defendant was charged with a violation of section 278 of the Penal Code, in that on or about the 1st day of September, 1943, he wilfully, maliciously, forcefully and feloniously took a boy of the age of 12 years away from his mother with the intent to detain and conceal said child from his parent. He was convicted and now appeals on the sole ground that the verdict of the jury is contrary to the law and the evidence and is insufficient to sustain the conviction.

The evidence shows that the child was living in Sacramento with his mother who was employed in a cafe as a waitress. She testified that defendant, whom she knew as Bill Timmons, about May 1, 1943, asked her permission to take the boy to Livermore where he had a home on a ranch, saying that his wife wanted to take the boy there and keep him for the summer; that the boy wanted to go and that she consented on condition that he bring the boy home occasionally; that toward the end of July, after the boy had returned home, she had a conversation with him and defendant, at which time she consented that the boy should again go with defendant to the ranch on condition that he be returned not later than the time when school would start, about the first of September; that she did not see the boy again until she found him with defendant in Phoenix, Arizona, the following February; that she did not give defendant permission to take the child anywhere except to Livermore; that when the child was not returned around September 1st she went to Livermore and found a Timmons ranch, but that it did not belong to this defendant; that neither the boy nor defendant contacted her, though she heard they were in Sacramento in September; that she reported to the police after her return from Livermore, and when she changed her place of residence gave them her new address.

The boy testified that when he first went to Livermore with defendant he stayed two weeks, then came home; that later he went there again with defendant after his mother had given permission for him to stay until school started; that after they went to Livermore the second time they stayed there but one day, then went to Salem, Oregon, thence to Portland and Eugene; that after leaving Eugene they returned to Sacramento in November, which was after school had started; that he then went to the cafe to find his mother, but defendant did not go with him; that his mother was not there; that one of the waitresses gave him his mother's address but that he did not get it right, and though he went to two hotels he did not find her; that after staying in Sacramento overnight defendant bought bus tickets and they went to Phoenix, Arizona, where they stayed in a cabin for several months; that they slept together and that defendant committed unnatural sex acts upon him.

Defendant did not testify in his own behalf, but he contends that he returned the child to Sacramento, and being unable to find his mother continued to take care of him and send him to school; that the evidence shows that he did not "maliciously, forcibly or fraudulently take or entice away the child from his mother with intent to detain and conceal him."

It is well established, however, that the intent to detain and conceal may be gathered from all of the circumstances of a case both before and after the act. (*People* v. *Simmons*, 12 Cal.App.2d 329 [55 P.2d 297]; *People* v. *Annunzio*, 120 Cal. App. 89 [7 P.2d 739]; *People* v. *Palmer*, 50 Cal.App.2d 697 [123 P.2d 882]. The word "detain" does not necessarily include the idea of force, but includes delaying, hindering, retarding, etc. (*People* v. *Smith*, 17 Cal.App.2d 468 [62 P.2d 436]; *People* v. *Simmons, supra*); and that defendant fraudulently took and enticed the child away is inferable not only from the fact that he made false statements to the boy and his mother regarding having a wife and a home in Livermore to which place he desired to take the boy, but also from the fact that when they went to Livermore the second time they stayed there but one night and then went to Oregon without the consent or knowledge of the boy's mother. There is no evidence, and appellant makes no contention, that he had the consent of the mother to take the boy to Oregon or to Arizona, or that he ever advised the mother where they were. Whether defendant fraudulently took the child away, and

whether he did so with the intent to detain and conceal him from his mother, were facts for determination by the jury, and the fact that defendant committed acts of sexual perversion upon the boy is one which it was proper for the jury to consider in determining defendant's intention. (*People* v. *Edenburg,* 88 Cal.App. 558, 567 [263 P. 857] ; *People* v. *Smith, supra; People* v. *Torres,* 48 Cal.App. 606 [192 P. 175] ; *People* v. *Simmons, supra.*)

Appellant argues that the testimony of the boy as to these acts of perversion, under section 1111 of the Penal Code, required corroboration since the boy was an accomplice; but it does not appear that defendant objected to the testimony on that ground or at all. Furthermore, a child under the age of 14, in the absence of clear proof that he knew the wrongfulness of the act at the time of its commission, is deemed incapable of committing crime, and in the absence of such proof cannot be held to be an accomplice. (*People* v. *Becker,* 140 Cal.App. 162, 164 [35 P.2d 196] ; *People* v. *Mack,* 24 Cal. App.2d 438, 439 [75 P.2d 547] ; *People* v. *Singh,* 62 Cal.App. 450, 453 [217 P. 121].)

It is also immaterial that the boy may have gone with defendant willingly, for the offense is one against the parent and not against the child. (*People* v. *Gillispie,* 104 Cal.App. 765 [286 P. 502] ; *People* v. *Torres, supra; People* v. *Simmons, supra.*)

As we are satisfied that the evidence was entirely sufficient to sustain defendant's conviction, the judgment is affirmed, as is the order denying the motion for a new trial.

Peek, J., and Thompson, J., concurred.