THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN MONTALVO ACEVEDO ET AL., Defendants and Appellants.

No. 16751. Decided October 20, 1961.

*Herminio Miranda* and *Antonio Reyes Delgado* for appellants. *J. B. Fernández Badillo, Attorney General of Puerto Rico,* and *Rodolfo Cruz Contreras, Assistant Attorney General,* for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo and Mr. Justice Dávila.

MR. JUSTICE BLANCO LUGO delivered de opinion of the Court.

Section 253 of the Code of Criminal Procedure, 1935 ed., 34 L.P.R.A. § 732, provides that a conviction can not be had on the testimony of an accomplice unless it is corroborated by other evidence which, "in itself and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense." The

corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. It is clear that corroborative evidence is not required for all the elements of the crime, *People* v. *Portalatín*, 73 P.R.R. 320 (1952); *People* v. *Portalatín*, 72 P.R.R. 145 (1951); but the defendant should be connected with the commission of the wrongful act, *People* v. *Palóu*, 80 P.R.R. 351, 368 (1958); *People* v. *Rosario*, 68 P.R.R. 526 (1948); *People* v. *Villanueva*, 71 P.R.R. 858 (1950). In order to determine whether there is sufficient corroborative evidence, the testimony of the accomplice must be eliminated, and if after its elimination there is independent evidence connecting the defendant with the offense charged, the conviction may be upheld, *People* v. *Segarra*, 70 P.R.R. 458 (1949); *People* v. *Díaz*, 67 P.R.R. 736 (1947); *People* v. *Rigual*, 52 P.R.R. 87 (1937); *cf. Castro* v. *González, Warden*, 70 P.R.R. 846 (1950).

■ Regarding the necessity for corroborative evidence, we have said that an accomplice is one who willfully and knowingly—without there being coercion—"voluntarily and with intent, somehow joins in the commission of a crime, being therefore liable to *prosecution for the same offense.*" In other words, it is essential that the accomplice be prosecuted for the same offense as the person accused. *People* v. *Adorno*, 81 P.R.R. 504 (1959) (bribery); *People* v. *De Jesús*, 73 P.R.R. 699, 708 (1952) (*bolita*); *People* v. *Rosado*, 72 P.R.R. 773 (1951) (crime against nature); *People* v. *Collazo*, 38 P.R.R. 891 (1928) (corruption of minors); *People* v. *Millán*, 35 P.R.R. 817, 826 (1926) (rape). Otherwise stated, a person may participate at times in wrongful acts which constitute an offense and not be an accomplice, and is not therefore liable to prosecution. Such is the case of the offended woman in the case of seduction, *People* v. *Cabranes*, 7 P.R.R. 297 (1904), for as in other sexual offenses or acts offensive to morals, she is the victim rather than an accomplice, *People* v. *Flynn*, 333 P.2d 37 (Cal. 1958); *Hardaway* v. *State*, 319

S.W.2d 336 (Tex. 1959); *Blocker* v. *State*, 120 So.2d 924 (Ala. 1960).

In the instant case the question is whether the testimony of a minor about nine years of age must be corroborated for the purpose of the conviction of two adults, who jointly with him participated in acts constituting burglary in the first degree. It is necessary to clarify that, except for the minor's testimony, the district attorney did not offer other evidence tending to connect the defendants with the commission of the offense. An examination of the transcript reveals that four persons whose residences or businesses were burglarized testified, thereby establishing the corpus delicti, but none of them connected the defendants with these acts. It also appears beyond doubt that at the time of committing the acts the minor was fully conscious of the wrongfulness of the act, and that there is no indicia that he was coerced or intimidated in so doing.[1]

Section 39 of the Penal Code, 1937 ed., 33 L.P.R.A. § 85, provides that children over the age of seven years but under the age of fourteen years are incapable of committing crimes, in the absence of clear proof that at the time of committing the act charged they were aware of its wrongfulness. However, this provision, which conserves its original language since 1902, can not be considered isolatedly in order to exact criminal liability, but must be read jointly with Act No. 97 of June 23, 1955 (Sess. Laws, p. 504, 34 L.P.R.A. § 2001 *et seq.*), which provides in its § 11 that no proceeding regarding a child shall be deemed to be of a criminal nature, "nor shall said child be ... considered as a criminal or a

---

[1] In a very graphic way, the minor relates that when he encountered the defendants, whom he did not know until then, they "asked us if we were going up there and invited us to steal" (Tr. Ev. 20). After this "invitation" the burglary was committed. With the exception of one of the cases, in the others the minors entered through the windows into the places to be stolen, while the adults facilitated the entry and remained on watch. The adults divided the loot; the minors did not participate in the distribution.

convict, nor shall he be indicted or sentenced in the Court."
For the purposes of this Act, child shall mean a person under
18 years of age.[2]   It is clear that according to the latter Act,
the age limit for the *commission of offenses* by minors is 18
years [3] and not seven years.   In other words, a minor 18
years of age [2] commits offenses and can not be prosecuted
criminally nor is he subject to the jurisdiction of the ordinary
courts.   *Commonwealth in interest of R. M. R., ante*, p. 235;
*Pee* v. *United States*, 274 F.2d 556, 561 (1959); Herman,
*Scope and Purpose of Juvenile Court Jurisdiction*, 48 J. Crim.
L. & C. 590 (1958); *"Exclusive" Jurisdiction of the Juvenile
Court*, 59 W. Va. L. Rev. 362 (1957).   The situation under
Act No. 37 of March 11, 1915 (Sess. Laws, p. 71, 34 L.P.R.A.
§ 1941 *et seq.*) was different because, although it created a
special court with exclusive jurisdiction over matters con-
cerning minors, the latter were considered "delinquents"
(§ 8, 34 L.P.R.A. § 1948); they could be prosecuted and, if
they were charged with a felony, they were entitled to a trial
by jury (§ 16, 34 L.P.R.A. § 1956).   *Mirabal* v. *Delgado,
Warden*, 82 P.R.R. 573 (1961); *Irizarry* v. *District Court*,
72 P.R.R. 180 (1951).

We have been unable to find any precedents in other
jurisdictions on the specific point involved in this case.   It
has been held, however, that persons who have aided in the
commission of a criminal act are not accomplices whose tes-
timony must be corroborated, because it is so provided by a
statute or the existing common-law rule.   In *Thorpe* v. *State*,
304 S.W.2d 309 (Tenn. 1957), a conviction of misdemeanor

[2] According to § 4 (34 L.P.R.A. § 2004), the judge in charge of matters
concerning minors may order a change of venue for the case to be dealt
with as that of an adult under certain circumstances, when the act would
constitute a felony if committed by an adult, and the child is over 16 years
and under 18 years of age.

[3] The age of 18 years in the case of minors is a prominent element
in our provisions on civil capacity: for the purpose of contracting marriage,
§ 70 of the Civil Code, 31 L.P.R.A. § 232; for the purposes of emancipa-
tion, § 233 of the same Code, 31 L.P.R.A. § 911.

consisting in aiding prostitution was challenged on the ground that the evidence consisted of the uncorroborated testimony of accomplices (males who had engaged in sexual intercourse with the victim). It was said that since that state does not recognize the existence of accomplices in misdemeanor cases, corroboration was not necessary. *Curry* v. *State*, 74 S.E.2d 249 (Ga. 1953), holds that corroborative evidence is not required in prosecution for molesting minors with intent to gratify sexual desires, since their ages (six and eight years) precluded treatment of them as accomplices. Otherwise stated, where by statute certain persons are deemed incapable of committing crimes by reason of their age, they can not be treated as accomplices and corroboration of their testimony is not necessary for conviction. In the same connection, see *Dutzler* v. *State*, 19 P.2d 326 (Ariz. 1933); *cf. People* v. *Moore*, 155 P.2d 403 (Cal. 1945). In *La Fray* v. *State*, 172 S.E. 115 (Ga. 1933), it was held that in prosecution for sodomy allegedly committed with a seven-year old boy, the boy was not an accomplice requiring corroboration, since he was too young to be prosecuted.

Professor Wigmore [4] explains that this rule on the necessity of corroborating an accomplice's testimony is due to the caution and distrust with which his testimony should be taken, based on a supposed promise or expectation of immunity or better treatment for his participation in the commission of the offense. In other words, the accomplice may have good reasons to place his own welfare or liberty over the accused's. Now, when this element of promise or expectation of immunity or clemency is lacking, the reason for the application of the rule fails. The same view is held in 2 Wharton, Criminal Evidence 227, § 447 (12th ed.), and I Underhill, Criminal Evidence 371, § 181 (5th ed.). As stated by Wigmore, the modern tendency is to delete this requirement of necessity of accomplices' corroboration, since

---

[4] VII Wigmore, Evidence 322, § 2057 (3d ed.).

the danger pointed out may be eliminated by adequate instructions on the degree of credibility of the accomplice's testimony to the effect that it should be weighed with utmost caution.

■■■ We therefore hold that since minor I... G... was not "subject to *prosecution*" for the offense of burglary, he is not an accomplice whose testimony must be corroborated. And he could not be prosecuted because Act No. 97 of 1955, *supra*, does not prescribe a proceeding of a criminal nature. There is no basis, then, to apply the rule of corroboration of an accomplice's testimony, nor is there any element of promise or expectation of immunity or clemency because a criminal prosecution can not be brought. Reasons of public policy strengthen this conclusion. A contrary holding would constitute a clear invitation to unscrupulous criminals who, by inducing minors to participate in wrongful acts, openly violate the law by reason of the necessity for corroborating the minors' testimony. The consequences would not only reflect on the prosecution of the offense committed by adults, but would contribute to foster a practice which would encourage juvenile delinquency and defeat in no small measure the rehabilitation of minors provided by the lawmaker by virtue of the Act mentioned through a special proceeding, divorced from the connotation of criminal prosecution which characterizes the prosecution of adults.

■■■ The other two errors assigned by the appellants are clearly frivolous, *People* v. *Díaz,* 61 P.R.R. 673 (1943); *People* v. *Matos,* 81 P.R.R. 496, 503 (1959); *People* v. *Díaz* 74 P.R.R. 348 (1953), and can not be raised for the first time on appeal, *People* v. *Vázquez,* 75 P.R.R. 22, 27 (1953); *People* v. *Cariño,* 69 P.R.R. 806 (1949).

The errors assigned not having been committed, the judgment rendered by the Superior Court, Arecibo Part, on June 29, 1959, will be affirmed.