Opinion
ROBERSON, J.
Daniel S. Grever appeals a judgment convicting him of two counts of detaining a child of whom he had a right of custody (Pen. Code, § 278.5, subd. (b)). He contends the evidence is insufficient to support the conviction because there is no evidence of intent in either count.
I
Appellant and his wife Vivian had a child named Brian. On April 12, 1985, the couple obtained a final judgment of dissolution of their marriage; it also awarded Vivian was awarded custody of Brian and his older brother. *Supp. 4 Appellant was granted reasonable visitation rights each Saturday, from 10 a.m. to 6 p.m., commencing April 13, 1985. Appellant was present at the time the judgment was entered and was served a copy of the judgment. At the time of the subsequent child detentions, the order was in effect.
Nevertheless, on two separate occasions, appellant took Brian and kept him beyond the period of visitation to which he was entitled. On the first occasion, he picked Brian up from school the last day of classes before the Christmas holidays. Brian returned to his mother’s house on January 5, 1987, after class on the first day of school.
The second detention began in August of that same year, while Brian was on summer break. Brian was not returned to his mother until the following January, when the mother retrieved him after a call from an Orange County detective. We will elaborate on the facts during the analysis which follows.
A jury ultimately found appellant guilty by verdict of two counts of child detention. The court suspended his sentence and placed him on formal probation with conditions. Appellant filed a timely notice of appeal.
II
Appellant’s sole contention on appeal is that the evidence is insufficient to support the finding that he harbored the requisite intent for child detention; thus, his conviction under either count may not stand.
The crime in question is contained in the following statute: “Every person who has a right to physical custody of or visitation with a child pursuant to an order, judgment, or decree of any court which grants another person . . . [the] right to physical custody of or visitation with that child, and who . . . detains, conceals, takes, or entices away that child with the intent to deprive the other person of that right to custody or visitation shall be punished [by imprisonment, fine or both].” (Pen. Code, § 278.5, subd. (b), italics added.)
“In reviewing the sufficiency of the evidence our inquiry is limited to whether ‘ “any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” ’ (People v. Johnson (1980) 26 Cal.3d 557, 576 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255], quoting Jackson v. Virginia (1979) 443 U.S. 307, 318-319 [61 L.Ed.2d 560, *Supp. 5 572-573, 99 S.Ct. 2781], italics in original.) We view the evidence in the light most favorable to the judgment below, and we ‘ “presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.” ’ (Johnson, supra, 26 Cal.3d at p. 576, quoting People v. Mosher (1969) 1 Cal.3d 379, 395 [82 Cal.Rptr. 379, 461 P.2d 659].)” (People v. Rich (1988) 45 Cal.3d 1036, 1082 [248 Cal.Rptr. 510, 755 P.2d 960].) Viewing the evidence in this light, we find it sufficient to support the judgment of conviction.
The only element in dispute on appeal is the requisite “intent to deprive [the mother] of [her] right to custody . . . .” (Pen. Code, § 278.5, subd. (b).) By its wording, the conviction requires a specific intent to deprive the custodial parent of the right to physical custody of the minor child. (See People v. Lortz (1982) 137 Cal.App.3d 363, 371-372 [187 Cal.Rptr. 89]; see also People v. Howard (1984) 36 Cal.3d 852, 860 [206 Cal.Rptr. 124, 686 P.2d 644] (conc. opn. of Bird, C. J.).)
Intent is a question of fact which may be proven by direct evidence. It may also be proven by circumstantial evidence. (See People v. Lindsey (1958) 159 Cal.App.2d 353, 355, 357 [323 P.2d 850]; 1 Witkin, Cal. Evidence (3d ed. 1986) Circumstantial Evidence, § 401, pp. 374, 375.)
Previous decisions of the courts of this state have held the following circumstantial evidence may support a child abduction conviction: subterfuge, by departing with the child without consultation with the custodial parent (People v. Lortz, supra, 137 Cal.App.3d at p. 371); or failure to deliver the child or make the child’s whereabouts known to the custodial parent (Parent v. Bormann (1970) 6 Cal.App.3d 292, 295 [85 Cal.Rptr. 638]; People v. Moore (1945) 67 Cal.App.2d 789, 791 [155 P.2d 403]). Bormann and Moore deal with convictions for child stealing by a person who does not have a right to custody or visitation. (See Pen. Code, § 278.5, subd. (a).) Yet they are persuasive because the specific intent required in Penal Code section 278.5, subdivisions (a) and (b) (as amended in 1983) is identical.
In the instant case, the mother was deemed the custodial parent and appellant was granted certain visitation rights. He was entitled to visitation hours from 10 a.m. to 6 p.m., every Saturday, commencing April 13, 1985, and continuing until further order of the family law court which issued the attendant judgment of dissolution. The child custody order was in effect on both occasions when appellant took Brian and kept him away from his mother.
Here there is evidence of both subterfuge and failure to deliver Brian or make his whereabouts known to his mother. As to the December count, appellant picked Brian up at school rather than his house and he kept Brian *Supp. 6 for over two weeks. The mother testified that during this period, she had no idea where she could contact appellant. The next time she saw Brian was the day he returned home from school, after the Christmas holidays.
As to the August count, there was direct evidence of appellant’s intent. Appellant took Brian from his mother’s home in August, leaving a note written by Brian which stated: “Mom, I went with Dad.” However, appellant did not return Brian. The mother did not regain physical custody until January, five months later. Brian was found by Irvine city police in appellant’s car parked outside his workplace. Although appellant could not recall telling the Irvine police officer that his wife had just dropped Brian off at the car a few minutes earlier so that he could take Brian to get glasses, he admitted he did not “doubt the veracity of [the officer’s] remark, because [he] did not want [his] son to be taken away. ” (Italics added.)
Additionally, there is circumstantial evidence of appellant’s intent to deprive the mother of physical custody during Brian’s second absence. Brian did not attend school beginning in September or at any time before he was returned to his mother’s custody in January. Moreover, around the first of January, appellant took Brian’s clothes and bicycle from his mother’s home. Both of these facts and appellant’s own testimony are reasonably consistent with an intent to keep Brian’s whereabouts from his mother.
We are aware of appellant’s articulated concern for his child’s physical and psychological well-being. He asserted below and here on appeal that he acted to prevent the mother from harming Brian. The claim is one of necessity. (People v. Beach (1987) 194 Cal.App.3d 955, 972 [240 Cal.Rptr. 50].) However, the jury was instructed on this defense and rejected it.[1]
There is substantial evidence supporting the jury’s implied rejection of the necessity defense. On neither occasion did appellant report to the authorities after taking Brian away from his mother. In fact, on the first occasion, appellant concedes he voluntarily returned Brian after the Christ *Supp. 7 mas holidays. Returning a child to a parent whom one claims is abusive appears to be inconsistent with a claim that the child was taken from that parent to prevent imminent harm to the child; thus, the jury could reasonably reject appellant’s necessity defense.
Appellant also contends the specific intent element was negated for the December taking because he returned the child voluntarily without intervention of third parties. We disagree. The crime was complete the moment appellant kept Brian beyond his lawful visitation hours with the intent to deprive the mother of her lawful right to physical custody. (See People v. Wisecarver (1944) 67 Cal.App.2d 203, 208-209 [153 P.2d 778] [the crime of child stealing is complete the moment the child is transported from home with intent to detain and conceal child from parents].) At least at that moment, the mens rea and the actus reus combined and the crime was complete. The crime is not nullified because appellant later may have had a change of mind.
Appellant contends he did not return Brian because he begged him not to take him back to his mother.[2] Just as with child stealing, the crime is committed against the parent, not the child; thus, the child’s consent is irrelevant. (See People v. Moore, supra, 67 Cal.App.2d at p. 792.)
Finally, appellant contends the verdicts are inconsistent because they acquitted him of another child detention count. We disagree. The verdicts are not inconsistent. The charges for which appellant was convicted were based on Brian’s two-week and four-month absence from the custodial parent. The acquitted charge was based on a weekend stay only. Also, the acquitted charge involved a defense not applicable to the other counts. Appellant claimed he mistakenly thought the visitation rights preceding the ones in the final custody order applied. They allowed him visitation for the entire weekend, not just Saturday from 10 a.m. to 6 p.m. The claim amounted to a defense of a good faith mistake of law; a jury could properly acquit appellant based on that defense. (See People v. Howard, supra, 36 Cal.3d at p. 856.)
*Supp. 8 In the two counts of which appellant was convicted, however, sufficient evidence of intent to deprive the mother of her right to physical custody was established. Therefore, the verdicts were not inconsistent.
The judgment is affirmed.
Margolis, P. J., and Hinz, J., concurred.

 Moreover, the instruction was more favorable to appellant than the law allows. It provides: “A person who has committed an act or acts which violates the letter of the law is excused from criminal liability if a reasonable man knowing what he knew and seeing what he saw, would reasonably believe necessary [sic] to avoid injury to another or to avoid a greater harm.”
A very similar instruction was rejected on appeal in People v. Beach, supra, 194 Cal.App.3d at page 972. The court held it misstated the law because it failed to instruct there must be “an emergency justifying the act.” And the law also requires the person committing the crime to report to the proper authorities upon reaching a position of safety. (Ibid.) Neither requirement appeared in the necessity instruction in the instant case.

 “Defense Counsel Kanouse: And when your visitation was over, did you offer to bring him back?
“Appellant: Certainly. I mean it was normal. It wasn’t—I—that’s just what I’m sup-
posed to do. I didn’t think—I didn’t have second thoughts about it.
“Bring him back to his mother’s?
“Right, dropping him off.
“And did you, in fact, do that?
“No, I did not.
“Why did you not do that?
“Because he went into tears when he spoke to me about the situation at home, and that he was very fearful, and that he begged me not—‘Please not to take me, Dad. Don’t take me home.’ ”