STATE of North Dakota, Plaintiff and Appellee,

v.

Lester J. RATHJEN, Defendant and Appellant.

Lester J. RATHJEN, Plaintiff and Appellant,

v.

STATE of North Dakota, Defendant and Appellee.

Cr. No. 890175, Civ. No. 890176.

Supreme Court of North Dakota.

May 14, 1990.

Patricia L. Burke (argued), State's Atty., Bismarck, for appellee State.

Chapman & Chapman, Bismarck, for appellant Lester J. Rathjen; argued by Daniel J. Chapman.

LEVINE, Justice.

Lester J. Rathjen appeals from (1) a March 6, 1989, amended criminal judgment entered upon a jury verdict finding him guilty of two counts of the crime of removing a child from the state in violation of a custody decree; (2) an April 18, 1989, order denying his application for post-conviction relief under Ch. 29–32.1, N.D.C.C.; and (3) a May 23, 1989, memorandum opinion and order granting the State's motion to vacate a stay of judgment of imprisonment because there had been no appeal in the criminal action within the time permitted. We dismiss the appeal from the criminal judgment and affirm the denial of Rathjen's application for post-conviction relief and the order vacating the stay of judgment of imprisonment.

Rathjen was divorced in Montana in 1981. His former wife was awarded custody of their children and Rathjen was given visitation rights. Rathjen moved to North Dakota when his former wife and his children moved to North Dakota. On September 18, 1987, Rathjen picked up his children, twelve-year-old Ross and ten-year-old Jennifer, for visitation. Rathjen and the children moved to Oregon and Montana for seven months.

Rathjen was charged with and convicted of two counts of the crime of removing a

child from the state in violation of a custody decree. Section 14–14–22.1, N.D.C.C. An amended criminal judgment was entered on March 6, 1989. On March 13, 1989, Rathjen filed an application for post-conviction relief under Ch. 29–32.1, N.D. C.C. On March 22, 1989, the trial court extended the time for appeal from the judgment "to such time as the Court has ruled upon the motion for post-conviction relief and an appeal from the judgment in this case may be taken at anytime within ten days after such ruling." On April 18, 1989, the trial court issued an order stating, among other things: "The request for post-judgment relief is denied." In a May 23, 1989, memorandum opinion and order, the trial court clarified that its April 18, 1989, order was a final order denying post-conviction relief and granted the State's motion to vacate the stay of judgment of imprisonment because there had been no appeal from the judgment of conviction within the time permitted. The trial court ruled that "the time for appeal expired April 18, and certainly no later than 10 days thereafter."

Rathjen has raised the following issues:

### "I.

"May a defendant in proceeding under Section 14–14–22.1, N.D.C.C., be convicted of an offense when the charge is based upon a custody decree of another state that had not theretofore been established as a custody decree of this state under Section 14–14–15, N.D.C.C.?

### "II.

"May a defendant in a criminal prosecution based upon Section 14–14–22.1, N.D.C.C., be convicted in Burleigh County when the alleged offense could not have been committed in Burleigh County since the gravamen of the offense is removal 'outside North Dakota' and the defendant could not leave North Dakota by automobile from Burleigh County?

### "III.

"Was it prejudicial error for the Court not to have given an instruction on 'duress' as a possible defense?

### "IV.

"Is the statute unconstitutional for the reason that it creates a prima facie violation if the defendant is gone for more than 72 hours and may the Court simply fail to give that part of the statute as a cure to the constitutional defect?

### "V.

"Where Court did not define word 'detain', is the jury permitted to surmise as to its meaning when the children at no time were 'detained' but left and remained with the defendant on their own free will?"

■ The State contends that under Rule 4(b), N.D.R.App.P., Rathjen's appeal from the amended criminal judgment was untimely and should be dismissed because the time to appeal expired on April 18, 1989. Relying on §§ 29–32.1–03 and 29–32.1–11, N.D.C.C., Rathjen contends that his appeal was not untimely because the trial court's order of April 18, 1989, was not a final order. Rathjen concedes that if the April 18, 1989, order was a final order, his appeal was untimely.

With exceptions not relevant here, Rule 4(b), N.D.R.App.P., provides that "the notice of appeal by a defendant must be filed ... within ten days after the entry of the judgment or order appealed from." Section 29–32.1–03(3), N.D.C.C., provides:

> "If an application [for post-conviction relief] is filed before the time for appeal from the judgment of conviction or sentence has expired, the court, on motion of the applicant, may extend the time for appeal until a final order has been entered in the proceeding under this chapter."

Section 29–32.1–11(1), N.D.C.C., provides: "The court shall make explicit findings on material questions of fact and state expressly its conclusions of law relating to each issue presented."

The amended criminal judgment was entered on March 6, 1989. Rathjen filed an

application for post-conviction relief under Ch. 29–32.1, N.D.C.C., on March 13, 1989. The trial court issued an order denying the application for post-conviction relief on April 18, 1989. Rathjen contends the April 18, 1989, order denying his application for post-conviction relief was not a final order because it did not contain findings and conclusions as required by § 29–32.1–11, N.D. C.C. There was no evidence presented, however. There were only arguments. Although it would have been better for the trial court to state the reasons for the denial, we conclude that the April 18, 1989, order was a final order. Thus Rathjen's June 2, 1989, notice of appeal from the amended criminal judgment was clearly untimely and we dismiss the appeal.

Because the appeal from the judgment of conviction was not timely, the trial court properly granted the State's motion to vacate the stay of judgment of imprisonment. Therefore, we need not further address the trial court's May 23, 1989, memorandum opinion and order vacating the stay.

We next address the issues Rathjen has raised with respect to his appeal from the denial of his application for post-conviction relief.

■ Rathjen was convicted of violating § 14–14–22.1, N.D.C.C., which provides:

"Any person who intentionally removes, causes the removal of, or detains his or her own child under the age of eighteen years outside North Dakota with the intent to deny another person's rights under an existing custody decree shall be guilty of a class C felony. Detaining the child outside North Dakota in violation of the custody decree for more

than seventy-two hours shall be prima facie evidence that the person charged intended to violate the custody decree at the time of removal."

Rathjen contends that he could not be convicted of violating the Montana divorce decree because "the Montana Decree was not, as permitted by Sec. 14–14–15, N.D. C.C.[1], filed with the clerk of court so that it could, in the words of the statute, be treated 'in the same manner as a custody decree of the district court ... of this state.'" We disagree. We find nothing in the language of § 14–14–22.1, N.D.C.C., or in its legislative history to indicate that "existing custody decree" was intended to be limited to North Dakota custody decrees or out-of-state custody decrees filed with the clerk of the district court in accordance with § 14–14–15, N.D.C.C. We conclude that Rathjen could be convicted of violating § 14–14–22.1 even though the Montana custody decree had not been filed in accordance with § 14–14–15, N.D.C.C.[2] The policy underlying our statute is similar to that underlying the Parental Kidnapping Prevention Act, 28 U.S.C.A. § 1738A(a), which provides: "The appropriate authorities of every State shall enforce ... any child custody determination ... by a court of another State." "The underlying policy behind the PKPA is to deter, if not prevent, 'child snatching'." *State ex rel. Valles v. Brown*, 97 N.M. 327, 639 P.2d 1181, 1183 (1981).

■ Rathjen next contends that he could not be convicted in Burleigh County "since the gravamen of the offense is removal 'outside North Dakota' and the defendant could not leave North Dakota by automobile from Burleigh County." To construe

---

1. "*14–14–15. Filing and enforcement of custody decree of another state.*
   "1. A certified copy of a custody decree of another state may be filed in the office of the clerk of any district court or family court of this state. The clerk shall treat the decree in the same manner as a custody decree of the district court or family court of this state. A custody decree so filed has the same effect and shall be enforced in like manner as a custody decree rendered by a court of this state.
   "2. A person violating a custody decree of another state which makes it necessary to

enforce the decree in this state may be required to pay necessary travel and other expenses, including attorney's fees, incurred by the party entitled to the custody or his witnesses."

2. A certified copy of Rathjen's Montana divorce decree was received in evidence without objection and the State and Rathjen stipulated that "Lester Rathjen was aware of the existing custody decree in Montana and also of his rights and obligations under that degree (*sic*)."

the statute as Rathjen suggests would mean that the crime could only be committed in counties bordering on other states or provinces. We construe statutes to avoid absurd results. *E.g., State v. Vavrosky,* 442 N.W.2d 433 (N.D.1989).

In *State v. Holtcamp,* 614 S.W.2d 389 (Tenn.Crim.App.1980), a divorced mother was convicted of kidnapping when she took her child from Tennessee to New York. With regard to the defendant's argument that prosecution of the offense was improperly venued, the court said, 614 S.W.2d at 393–394:

> "With respect to the offense of kidnapping, there is wide latitude in trying a defendant in either the county from which the victim was taken or the county to which the victim was taken. *Commonwealth v. Libby,* 358 Mass. 617, 266 N.E.2d 641, 643, n. 2 (Mass.1971). There is evidence that the defendant surreptitiously took the child from Hamilton County to the State of New York. This issue has no merit."

*See also, e.g.,* California Penal Code §§ 278.5 and 784.5, under which one who takes or detains a child with the intent to deprive another of the right to custody may be prosecuted in the jurisdictional territory (1) "in which the victimized person resides"; (2) "in which the minor child was taken, detained, or concealed"; or (3) "in which the minor child is found." Cal.Pen. Code § 784.5. Statutes providing that if two or more acts requisite to the commission of a crime occur in different counties, the prosecution may be in any county in which such acts occur, have been applied to kidnapping. 1 *Wharton's Criminal Procedure* § 35 (13th ed. 1989). Section 29–03–04, N.D.C.C., provides:

> "When a crime or public offense is committed in part in one county and in part in another, or when the acts or effects thereof constituting, or requisite to the consummation of, the offense occur in two or more counties, the jurisdiction is in either or any of said counties."

There is evidence that Rathjen formed the intent in Burleigh County to remove his children from North Dakota [*see State v. Patten,* 353 N.W.2d 30 (N.D.1984) (evidence that defendant formed the intent to violate a custody decree while residing in Burleigh County was sufficient to support a conviction in Burleigh County)], and began the journey to Oregon and Montana by taking the children out of Burleigh County, which was "requisite to the consummation of" (§ 29–03–04, N.D.C.C.) the offense of removing his children "outside North Dakota with the intent to deny another person's rights under an existing custody decree" (§ 14–14–22.1, N.D.C.C.). We hold that Rathjen could properly be convicted in Burleigh County of violating § 14–14–22.1, N.D.C.C.

■ Rathjen argues that the trial court erred in failing to instruct the jury on duress under § 12.1–05–10, N.D.C.C. Section 12.1–05–10, N.D.C.C., provides that "it is an affirmative defense that the actor engaged in the proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury to himself or to another." Rathjen did not request such an instruction and the trial court's failure to instruct on duress "did not constitute obvious error affecting substantial rights." *State v. Johnson,* 379 N.W.2d 291, 293 (N.D.1986), *cert. denied,* 475 U.S. 1141, 106 S.Ct. 1792, 90 L.Ed.2d 337 (1986).

■ The last sentence of § 14–14–22.1, N.D.C.C., provides: "Detaining the child outside North Dakota in violation of the custody decree for more than seventy-two hours shall be prima facie evidence that the person charged intended to violate the custody decree at the time of removal." The trial court did not include that sentence in its instructions to the jury. Rathjen argues that that sentence renders the statute unconstitutional and that it cannot be severed from the rest of the statute. Assuming, without deciding, that the last sentence is unconstitutional, we conclude that it is severable from the rest of the statute.

We stated the law with regard to severing unconstitutional provisions of a statute and allowing the remainder of the statute to remain in effect in *State v. Fischer,* 349 N.W.2d 16, 18 (N.D.1984):

"The declaration of part of a law as unconstitutional does not require the court to declare the entire law invalid unless all provisions are so connected and dependent upon each other that one can conclude that the Legislature intended the law to take effect in its entirety or not at all."

Rathjen contends that "there is an intertwining of the two parts of the statute" and that "the legislature obviously intended ... that detention for less than 72 hours would not be a violation." We disagree.

The first sentence of § 14–14–22.1, N.D.C.C., makes it a felony to remove or detain one's child outside North Dakota with the intent to deny another's rights under an existing custody decree. The last sentence creates a presumption that one who detains a child outside North Dakota in violation of a custody decree for more than seventy-two hours intended to violate the custody decree at the time of removal. In our view, the two sentences are not "so connected and dependent upon each other that one can conclude that the Legislature intended the law to take effect in its entirety or not at all." *State v. Fischer, supra,* 349 N.W.2d at 18. The 72 hour detention provision is not a necessary element of the offense. Rather, it is a legislative attempt to create an evidentiary shortcut in proving "the intent to deny another person's rights under an existing custody decree", which is one of the elements of the offense created in the first sentence of the statute.

Rathjen argues that the trial court erred in not defining the word "detain" because the children "were exactly where they wanted to be" and "[n]o one was 'detaining' them against their will." Rathjen did not request an instruction defining "detain" and the trial court's "failure to sua sponte instruct the jury on the definition of ['detain'] did not constitute obvious error affecting substantial rights." *State v. Johnson, supra,* 379 N.W.2d at 293. Furthermore, under the statute, whether or not a child is being detained against his or her will is irrelevant. *People v. Grever,* 211 Cal.App.3d Supp. 1, 259 Cal. Rptr. 469 (1989). What is important is whether a child is being detained outside North Dakota in violation of another person's rights under an existing custody decree.

For the reasons stated, we dismiss Rathjen's appeal from the amended criminal judgment and affirm the order denying his application for post-conviction relief.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.